IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT TURNER,                              )
                                            )
        Plaintiff,                      )
                                            )
v.                                          )      1:22CV92
                                            )
CAPTAIN JOHNSON, et al.,                    )
                                            )
        Defendant(s).                   )

<u>ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff, a detainee in the Guilford County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names two Guilford County Sheriff's Office employees working at the Detention Center, M. Ayisi and Captain Johnson, as Defendants. He seeks surgery and damages connected to an alleged assault by Defendant Ayisi.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal,</u>

556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be allowed to proceed as to Plaintiff's individual capacity claim against Defendant Ayisi, but dismissed as to Plaintiff's other claims pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint, on January 15, 2022, Defendant Ayisi was performing a lockdown of Plaintiff's unit following recreation. (Docket Entry 2, § IV(B).) It alleges that Plaintiff said goodnight to a fellow inmate and started toward his cell when Defendant Ayisi

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

said something. (Id.) Plaintiff did not hear him through a mask that he wore, but "just said OK to whatever he said." (Id.) The Complaint asserts that Defendant Ayisi then sprayed Plaintiff with pepper spray as he turned to go into his cell. (Id.) Plaintiff allegedly grabbed a towel to wipe his face, but Ayisi continued to spray him, causing Plaintiff to retreat to the far end of his bed to shield his face. (Id.) The Complaint claims that Ayisi then began to leave before returning and spraying Plaintiff again, causing him to turn, hit his face on the edge of his bed, break his nose, and damage the vision in his left eye. (Id.) Plaintiff allegedly put in two sick calls for his vision and nose, but has not received any treatment. (Id. § V.) The Complaint also states without elaboration that Defendant Johnson "has been answering [Plaintiff's] sick calls denying [him] medical for [his] treatment" and that Defendant Johnson violated his rights "by not allowing [him] due process by denying [him] grievances under [his] 1st amendment and also under the [Detention Center's] handbook." (Id., § II(D).)

The Court finds that the allegations against Defendant Ayisi are sufficient to state a claim for excessive force against him in his individual capacity. That claim should proceed. The Complaint also names Defendant Ayisi in his official capacity, which is an attempt at pleading a claim against his employer, the Guilford County Sheriff. Kentucky v. Graham 473 U.S. 159, 166 (1985). However, in order to successfully plead such a claim, the Complaint would have to contain facts attributing Defendant Ayisi's actions to a policy, custom, or decision of the Sheriff. Layma ex re. Layman v. Alexander, 343 F. Supp. 2d 483, 489 (W.D.N.C. 2004). The Complaint contains no such allegations and, therefore, fails to

state any official capacity claim based on Defendant Ayisi's alleged actions. Only the individual capacity claim against Defendant Ayisi should proceed.

As to Defendant Johnson and his alleged denial of medical treatment for Plaintiff, the Complaint states only that Plaintiff has not received proper treatment and that Defendant Johnson is answering his sick calls. It does not explain how Defendant Johnson's answers allegedly deny Plaintiff medical treatment or even give the nature of those answers. Therefore, this allegation is the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" which falls short of stating a viable claim for relief. As for the allegation regarding grievances, any due process claim fails because there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). The Complaint also mentions the "1st Amendment" but sets out no facts supporting any claim under the First Amendment of the United States Constitution in relation to his filing of grievances. See generally Booker v. South Carolina Department of Corrections, 855 F.3d 533 (4th Cir. 2017) (recognizing the existence of a First Amendment retaliation claim related to the filing of grievances without recognizing a First Amendment right to file a grievance). The Complaint also states that Defendant Johnson's actions violate the Detention Center's handbook. Even if this is true, it does not state any claim for relief under § 1983 because that statute covers only violations of federal law, not state law or local jail procedures. Therefore, the Compliant fails to state any claim for relief against Defendant

-4-

Johnson at this time and the claims against Defendant Johnson should be dismissed. This dismissal should be without prejudice to Plaintiff later amending his pleadings if he can allege sufficient facts to state a claim for relief.

As for Plaintiff's request to proceed *in forma pauperis*, the Court grant that request for the purposes of entering this Order and Recommendation and will order that Plaintiff's custodian deduct payments from his trust account according to § 1915(b)(2) as funds become available.

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity claim against Defendant Ayisi be allowed to proceed but that his official capacity claim against Defendant Ayisi and his claims against Defendant Johnson be dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:22CV92, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid

to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff a summons for Defendant Ayisi. Plaintiff must fill out the summons, including an address suitable for service, and then return the summons to the Clerk. Failure to provide an address wherein service may be made on the Defendant will result in the dismissal of the unserved Defendant after 90 days from the filing of the complaint. See Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that the United States Marshal, upon return of the properly completed summons shall serve the Complaint on Defendant Ayisi.

This, the 17th day of March, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**