IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT TURNER,                )
                              )
           Plaintiff,         )
                              )
      v.                      )      1:22CV92
                              )
CAPTAIN JOHNSON and           )
OFFICER M. AYISI,             )
                              )
           Defendants.        )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on Plaintiff's Motion for Default Judgment (Docket Entry 18) (the "First Motion"), Plaintiff's Motion for Default Judgment (Docket Entry 24) (the "Second Motion"), and Plaintiff's Motion for Default Judgment (Docket Entry 29) (the "Third Motion"). For the reasons that follow, the Court should deny all three Motions.

## I. BACKGROUND

Plaintiff, at all relevant times a detainee at the Guilford County Jail in Greensboro, North Carolina, brought this action against two officers at the jail, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. (See Docket Entry 2 at 2-3.) According to the Complaint, Defendant Ayisi "peppered [sic] sprayed" Plaintiff repeatedly "during the lockdown of [his] recreation hour," causing Plaintiff to "hit [his] face on [the]

edge" of his bed.  (Id. at 4.)  The Complaint contends that, "[a]s a result of the incident[, Plaintiff's] nose is broken and the vision in [his] left eye is obscured, blurry [and functioning at] maybe 10% percent [sic]."  (Id. at 5.)  The Complaint further alleges that Defendant Johnson did "not allow[ Plaintiff] due process by denying [him] grievances" and "answering [Plaintiff's] sick calls [but] denying [him] medical for [his] treatment."  (Id. at 4.)

On April 19, 2022, the Court (per United States District Judge Catherine C. Eagles) ordered that "[P]laintiff's individual capacity claim against Defendant Ayisi may proceed but his official capacity claim against Defendant Ayisi and his claims against Defendant Johnson are dismissed without prejudice."  (Docket Entry 8 at 2.)  On May 4, 2022, the Court (per the undersigned Magistrate Judge) adopted a Scheduling Order for this case including "an eight-month . . . discovery period."  (Text Order dated May 4, 2022.)  Plaintiff's First, Second, and Third Motions, discussed below, all relate to perceived discovery deficiencies on the part of Defendant Ayisi.  (See generally Docket Entry 18 at 1-3; Docket Entry 24 at 1; Docket Entry 29 at 1-2.)

2

## II. DISCUSSION

### A. The First Motion

The First Motion contends that "Defendant Ayisi has failed to comply with the rules of [d]iscovery outlined in Rule[s] 26, 33, and 34 of the Federal Rules of Civil [P]rocedure." (Docket Entry 18 at 1.) Specifically, the First Motion asserts that Plaintiff, on February 23, 2022, "contacted [the] attorney for [D]efendant . . . requesting the production of very specific documents . . . [including] a copy of all [Plaintiff's] inmate request[s] and responses on the kiosk, and a copy of the DVD from the incident . . . ." (Id.) Defendant's counsel allegedly "did not comply" (id.) with Plaintiff's request, so Plaintiff sent an additional letter on March 29, 2022 requesting "all [his] kiosk request[s] from medical and the responses . . . [as well as] an address for [Defendant] Ayisi" (id. at 1-2).

Plaintiff then sent a third letter, on July 23, 2022, to Defendant's counsel requesting, in an attempt "to simplify [his prior requests,] . . . all the medical and all tabs in general [on the kiosk] from [January 23, 2021] to present." (Id. at 2.) The First Motion asserts that Defendant's counsel responded to Plaintiff's third letter two days later, stating that "[Defendant's counsel] provided [Plaintiff] with 33 kiosk requests and 9 hand written Inmate Request Forms . . . in accordance with [Plaintiff's] March 29, 2022 letter." (Id.) But, according to Plaintiff, "what

3

[Plaintiff] asked for is not what was sent, [and Defendant's counsel] sent [Plaintiff] things [he] didn't ask for." (Id.)

As a result, the First Motion "seek[s] default judgement [sic]" (id. at 1) because Defendant purportedly failed to "provide to [Plaintiff] the information listed out in [Federal] Rule [of Civil Procedure] 26(a)(1)(A)(I)" (id. at 3). The First Motion argues further that Defendant's failure to adequately respond to Plaintiff's requests warrants default judgment because "F[ederal] R[ule of] C[ivil] P[rocedure] 37(c)(1) provides that if a party fails to provide information . . . the court may . . . impose appropriate sanctions including . . . a default judgment against the disobedient party." (Id. (internal quotation marks omitted).)

Defendant Ayisi, in response, first contends that, as "of Plaintiff's February 23, 2022, request letter, the Court had not yet entered a Discovery Scheduling Order." (Docket Entry 22 at 2.) In that regard, Defendant Ayisi's First Response points to this Court's Local Rule 16.1, which states that "cases [with ]pro se parties[] shall be governed by a scheduling order entered by the Court after an initial pretrial conference . . . [and that] discovery shall not commence until entry of the scheduling order." M.D.N.C. LR 16.1(a). The First Response states further that, notwithstanding that "Defendant was under no obligation to provide the documents requested in Plaintiff's [February 23, 2022] letter" (Docket Entry 22 at 2), Defendant's counsel, "as a courtesy,

4

informally responded to Plaintiff's request, but without waiving any of the requirements imposed by the Federal Rules or Local Rules" (id.).

Defendant Ayisi's First Response makes largely the same argument with regard to Plaintiff's March 29, 2022 letter. (See id. at 3-4.) Again, "[a]lthough under no obligation to produce documents" (id. at 4), Defendant's counsel provided "kiosk requests," "inmate request forms," and "directed the Detention Staff to make the Jail video available for Plaintiff's viewing" (id.). And, while Defendant's counsel did not "provide Defendant Ayisi's address because it was protected from disclosure by the North Carolina Personnel Privacy Act[,] . . . counsel offered . . . to accept service of the Summons and Complaint on Defendant[] [Ayisi's] behalf." (Id.)

As for Plaintiff's third letter, dated July 23, 2022, Defendant Ayisi's First Response recounts that, because, "on May 4, 2022, the Court had officially opened discovery . . . Defendant's counsel requested that Plaintiff submit his document and other requests by usiing [sic] the discovery procedures described in Rules 26, 33, and 34 of the Federal Rules of Civil Procedure." (Id. at 5.) According to the First Response, Plaintiff thereafter propounded discovery properly on July 28, 2022. (See id.) On August 25, 2022, Defendant Ayisi requested additional time to respond to Plaintiff's discovery, which the Court granted "via a

5

Text Order" (id.; see also Text Order dated Aug. 26, 2022), thereby giving Defendant Ayisi until September 26, 2022, to respond to Plaintiff's discovery. As a result, Defendant Ayisi's First Response contends that the First Motion "is premature." (Id. at 6.)

Plaintiff filed a Reply Brief on October 3, 2022, in which he raised two new arguments. First, that Reply Brief asserts that "defendant was granted an extension . . . until September 26[,] 2022 which defandant [sic] failed to meet . . . ." (Docket Entry 26 at 1.) Said Reply Brief also alleges that Defendant Ayisi did not fully comply with Plaintiff's discovery requests because "it would be to [sic] costly to provide [P]laintiff's medical record." (Id. at 2.) On those grounds, Plaintiff renewed his request for a default judgment against Defendant Ayisi. (See generally id.)

The First Motion lacks merit largely for the reasons Defendant Ayisi identified in his First Response. Plaintiff's first two letters to Defendant's counsel predated the initial pretrial conference and entry of a scheduling order. (See Docket Entry 18 at 2, Docket Entry 22 at 1-4.) As this Court's Local Rules make clear, "discovery [in cases with pro se parties] shall not commence until entry of the scheduling order." M.D.N.C. LR 16.1(a). As a result, Defendant Ayisi had no duty to respond to Plaintiff's first two letters, although Defendant's counsel elected to do so "as a courtesy." (Docket Entry 22 at 2.)

6

In addition, Plaintiff cannot rely on Federal Rule of Civil Procedure 26(a)(1)(A)(i) as a basis for relief. That rule, which mandates certain initial disclosures, expressly does not apply to pro se inmate lawsuits. See Fed. R. Civ. P. 26(a)(1)(B)(iv)("The following proceedings are exempt from initial disclosure: . . . (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision."). For the same reason, Plaintiff cannot rely on Federal Rule of Civil Procedure 37(c)(1), which authorizes sanctions "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1). Because Rule 26(a) exempts pro se litigation from initial disclosure requirements, see Fed. R. Civ. P. 26(a)(1)(B)(iv), Defendant Ayisi did not "fail[] to provide information . . . as required by Rule 26(a)," Fed. R. Civ. P. 37(c)(1).

As for Plaintiff's third request, Defendant Ayisi sought and received from the Court an extension of time to respond until September 26, 2022. (See Text Order dated Aug. 26, 2022.) Defendant Ayisi therefore had not failed to timely respond to Plaintiff's discovery requests at the time Plaintiff filed the First Motion, on August 31, 2022 (see Docket Entry 18). Consequently, Plaintiff's reliance on Federal Rule of Civil Procedure 37(b)(2)(A)(vi) misses the mark because Defendant Ayisi did not "fail[] to obey an order to provide or permit discovery."

7

Fed. R. Civ. P. 37(b)(2)(A)(vi). On the contrary, Defendant Ayisi acted with the Court's permission. Finally, Plaintiff's newly raised arguments in his Reply Brief do not alter the outcome because a "reply brief is limited to discussion of matters newly raised in the response." M.D.N.C. LR 7.3(h). Neither of the arguments raised in the Reply Brief (see Docket Entry 26 at 1-2) relate to matters addressed in Defendant Ayisi's First Response. As a result, the Court should deny the First Motion.

### B. The Second Motion

The Second Motion cursorily contends that "Defendant has failed to plead or otherwise defend" the case, and "has also failed to comply with the rules of [d]iscovery . . . ." (Docket Entry 24.) To support those arguments, the Second Motion cites Federal Rule of Civil Procedure 12(a)(1)(A) (id.), and a cover letter to the Second Motion, addressed to the Court's Clerk, states that "Defendant is late and was given 21 days to produce and answer" (Docket Entry 24-1).

The Second Motion also lacks merit because, as Defendant Ayisi points out in his Second Response, "the 21 day deadline in Fed[eral] Rule of] Civ[il] P[rocedure] 12(a)(1)(A) for filing pleadings responsive to a Complaint[ does not] appl[y] to discovery responses." (Docket Entry 25 at 2-3.) Moreover, the Second Motion erroneously suggests that Defendant "was given 21 days to produce" (Docket Entry 24-1) when, as related above, Defendant Ayisi sought

8

and received from the Court a 30-day extension of time to respond to Plaintiff's discovery requests. (See Text Order dated Aug. 26, 2022.) As a result, the Second Motion lacks any basis in fact or law, and the Court should deny it.

### C. The Third Motion

The Third Motion, building on an argument Plaintiff hinted at in his first Reply Brief and the Second Motion, argues the Court should enter a default judgment against Defendant Ayisi because he did "not provid[e] full discovery of documents requested and did not meet the deadline issued by the [C]ourt of 9/26/22 [because the production] arrived days later and incomplete." (Docket Entry 29 at 1.) The Third Motion asserts that "no mail was delivered" (id.) to Plaintiff's cell on September 26, 2022, thereby rendering Defendant Ayisi's production untimely (see id.). In addition, the Third Motion contends that "[D]efendant [Ayisi] 'chose' what documents [he] wanted to produce." (Id.) According to Plaintiff, Defendant Ayisi produced "[n]o x[-]rays from the facial injuries, and no x[-]rays from the knee injuries . . . [as well as] no documentation from the company that actually provides the results and a complete breakdown, given by the doctor who reads the x[-]rays, informing the physician at G[uilford] C[ounty] J[ail]." (Id. at 1-2.)

Defendant Ayisi's Third Response counters that he timely produced documents because "the certificate of service . . . was

9

dated September 26, 2022 (in compliance with the Court's extension order)." (Docket Entry 30 at 3.) The Third Response argues further that "[s]ervice by mail is entirely appropriate under the Federal Rules [of Civil Procedure] and using first class mail does not render the discovery documents untimely." (Id.) As for the alleged incompleteness of the production, the Third Motion attaches (with Bates Numbers) "the independent radiologist's reports" (id. at 4), undercutting Plaintiff's claim that he did not receive them. And while Plaintiff also complained of not receiving x-rays from his face and knee injuries (see Docket Entry 29 at 1-2), Defendant Ayisi responds that "it would be unusual to provide the films to a pro-se inmate who is both unqualified and unequipped to read them on his own. That said, if Plaintiff wants the films, he should ask for them and, if that fails, file a Motion to Compel." (Docket Entry 30 at 6.)

Plaintiff's Reply to the Third Response takes issue with Defendant Ayisi's attempted reliance on the date on the certificate of service, arguing that "[anyone] can sign anything and put a date there, the point is that [Defendant Ayisi's production] got to [Plaintiff] after Sept[ember] 26, 2022[,] and there is no postmark on the envelope . . . ." (Docket Entry 31 at 1.) The Reply also disputes that Plaintiff received any independent radiologist reports, stating that "there was nothing from QMX Mobile at all . . . ." (Id. at 2.) Finally, the Reply highlights purported

10

inconsistencies in Plaintiff's medical records (see id. at 3-4), and labels "the staff at G[uilford] C[ounty] J[ail as] incompitent [sic] or liars that will cover up injuries" (id. at 4).

The Third Motion, like its predecessors, also lacks merit. The date of Defendant Ayisi's mailing, not the date of Plaintiff's receipt, governs the timeliness of the production. See Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served . . . by . . . mailing it to the person's last known address–in which event service is complete *upon mailing*." (emphasis added)); see also Sterling v. Interlake Indus. Inc., 154 F.R.D. 579, 584 (E.D.N.Y. 1994) (holding that motion to dismiss placed in mail after last pickup of day on day of deadline still timely because "the Federal Rules do not say anything about mailing before the close of business or after the 'last mail pick-up of the day'"); Boyd v. Jordan, 60 F.R.D. 203, 204 (E.D.N.C. 1973) (looking to Rule 5(b) in deeming timely motion to dismiss mailed to plaintiff one day prior to deadline and filed by clerk one day after deadline). Moreover, to identify the mailing date, the Court may rely on the date on Defendant Ayisi's certificate of service, which confirms he timely produced here. See Ashford v. Gordon, Civ. Action No. 13-1113, 2013 WL 5495280, at *2 (D.S.C. Oct. 2, 2013) (denying motion to compel where dates on "certificates of service show[] that [the defendants'] response to [the plaintiff]'s discovery requests were timely filed").

11

Further, as to the Third Motion's contention that Defendant Ayisi did not produce independent radiologist reports (Docket Entry 29 at 2), and the allegation in Plaintiff's Reply that "there was nothing from QMX Mobile at all" (Docket Entry 31 at 2), Defendant Ayisi's Third Response, and the exhibits attached thereto, demonstrate otherwise (see Docket Entry 30-1, Docket Entry 30-2). Finally, any argument from Plaintiff as to supposed inconsistencies or fabrications in his medical records (see Docket Entry 31 at 3-4), do not bear relevance on the question of whether Defendant Ayisi complied with his discovery obligations and, in any event could support only a compulsion order, not a default judgment, compare Fed. R. Civ. P. 37(a)(3)(B) (authorizing "order compelling . . . production" where "a party fails to produce documents," with Fed. R. Civ. P. 37(b)(2)(A) (providing that, where "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court . . . may issue further just orders," which may include "rendering a default judgment against the disobedient party"). As a result, the Court should also deny the Third Motion.

### III. CONCLUSION

Plaintiff has not established any grounds for a default judgment against Defendant Ayisi.

12

**IT IS THEREFORE RECOMMENDED** that the First Motion (Docket Entry 18), the Second Motion (Docket Entry 24), and the Third Motion (Docket Entry 29) be denied.

This 17th day of November, 2022.

                                         /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                **United States Magistrate Judge**